IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RACHEL EVENS, | CV 20-172-M-DWM-KLD |
| Plaintiff, | |
| vs. | FINDINGS & RECOMMENDATION |
| HEIDI LINNGREN, | |
| Defendant. | |

Plaintiff Rachel Evens, who is proceeding pro se, brings this action against South Dakota Circuit Court Judge Heidi Linngren, alleging federal constitutional claims under 42 U.S.C. § 1983 arising out of child custody proceedings in South Dakota state court. Judge Linngren moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Doc. 4) For the reasons set forth below, Judge Linngren's motion to dismiss should be granted and this case should be dismissed.[1]

---

[1] Plaintiff has a related case pending in this Court against another South Dakota Circuit Court Judge and several South Dakota Supreme Court justices. *Rachel Evens v. Jeffrey R. Connolly et. al,* Case No. 9:20-cv-165-DLC. Defendants in that case have filed a similar motion to dismiss for lack of personal jurisdiction, which

I.      **Background**

South Dakota Circuit Court Judge Jeffrey R. Connolly presided over

Plaintiff's divorce proceedings in South Dakota state court, and on November 4,

2020, the Supreme Court of South Dakota affirmed the judgment and divorce

decree entered by Judge Connolly. See *Evens v. Evens*, 951 N.W.2d 268 (S.D.

2020). Judge Connolly recused himself from those proceedings on November 19,

2020, after Plaintiff filed suit against him in this Court. (Doc. 1 at ¶ 10; Doc. 6 at 2;

*Rachel Evens v. Jeffrey R. Connolly et. al,* Case No. 9:20-cv-165-DLC). Judge

Linngren was then assigned to the case and issued a child custody order on

November 23, 2020. (Doc. 1 at ¶ 11; Doc. 6 at 2). Plaintiff filed this action against

Judge Linngren on November 27, 2020. (Doc. 1).

Plaintiff states that she is suing Judge Linngren "individually and in her

collective official" judicial capacity, and alleges she failed "to uphold her sworn

duties of her judicial office by stark retaliation and blatantly discriminating against

a pro se litigant." (Doc. 1 at 1). Plaintiff advances claims under 42 U.S.C. § 1983,

alleging that Judge Linngren violated her rights under the Fifth, Eighth, and

Fourteenth Amendments of the United States Constitution. (Doc. 1 at 1).

---

is the subject of a substantively identical Findings and Recommendation entered
today in that case.

Liberally construed, the Complaint alleges Judge Linngren violated Plaintiff's due process and equal protection rights under the Fifth and Fourteenth Amendments by terminating her "contact and custody with her children" in retaliation against Plaintiff for filing suit against Judge Connolly. (Doc. 1 at ¶ 13). Plaintiff accuses Judge Linngren of refused to consider evidence submitted by Plaintiff, and wrongfully refused to allow a hearing and formal testimony from several witnesses on Plaintiff's behalf. (Doc. 1 at ¶¶ 65-67). Plaintiff further claims that Judge Linngren's child custody determination "removing her children" constituted "cruel and unjustifiable punishment" in violation of the Eighth Amendment. (Doc. 1 at ¶ 33).

In her prayer for relief, Plaintiff requests: (1) injunctive relief overturning and repealing Judge Linngren's orders; (2) impose sanctions on Judge Linngren "appropriate with judges abusing their authority in discriminating against pro se litigants" and violating the United States Constitution; (3) declaratory and other relief the Court deems appropriate and just; (4) that this Court "[g]rant jurisdiction over the parties to their home court of Montana in any divorce proceedings." (Doc. 1 at 15-16).

Judge Linngren moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3

## II.  <u>Legal Standards</u>

Federal Rule of Civil Procedure 12(b)(2) authorizes dismissal when a court lacks personal jurisdiction over the defendant. When a "defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). If the court addresses a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). While the plaintiff cannot simply rest on the bare allegations of the complaint, the court must take uncontroverted allegations in the complaint as true and resolve any conflicts in the affidavits in the plaintiff's favor. *Schwarzenegger*, 384 F.3d at 800; *Boschetto*, 539 F.3d at 1015. Where, as here, the plaintiff is appearing pro se, the court liberally construes the allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.  <u>Discussion</u>

The power of the federal court "to exercise personal jurisdiction over a non-resident defendant turns on two independent considerations: whether an applicable state rule or statute potentially confers personal jurisdiction over the defendant, and

whether the assertion of such jurisdiction accords with constitutional principles of due process." *Data Disk, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977). When subject matter jurisdiction is based on a federal question, as is the case here, the federal court applies the long-arm statute of the forum state to whether it has personal jurisdiction over a nonresident defendant. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

Therefore, to establish personal jurisdiction, Plaintiff must make a prima facie showing that: (1) the requirements of Montana's long arm statute are met; and (2) the exercise of that jurisdiction will not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gulick v. Lynden, Inc.,* 2016 WL 8674478, at *2 (D. Mont. Oct. 7, 2016). If the requirements of Montana's long-arm statute are not met, the court needs not address due process. *Gulick,* 2016 WL 8674478 at *2; 1767951, at *2; *Poliseno v. Credit Suisse Securities (USA),* LLC, 2013 WL 1767951, at *2 (D. Mont. Apr. 24, 2013).

Montana's long arm statute, Montana Rule of Civil Procedure 4(b)(1), "permit[s] the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process." *Davis v. Am. Family Mut. Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988). The long-arm statute "embodies

principles of both general and specific jurisdiction." *Poliseno*, 2013 WL 176795, at *2. A court may have general jurisdiction over a nonresident if the defendant is "found within the state of Montana." Rule 4(b)(1). A defendant is "found within" the state if it is "physically present in the state" or its "contacts with the state are so pervasive that [it] may be deemed to be physically present there." *Bi-Lo Foods, Inc. v. Alpine Bank*, 955 P.2d 154, 157 (Mont. 1998). "A nonresident defendant that maintains 'substantial' or 'continuous and systematic' contacts with the forum state is found within the state and may be subject to the state's jurisdiction even if the cause of action is unrelated to the defendant's activities within the forum." *Bi-Lo Foods, Inc.*, 955 P.2d at 157.  General jurisdiction exists when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Lewis v. Extradition Transport of America*, 2014 WL 494573, at *2 (D. Mont. Feb. 5, 2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)).

Even where a defendant maintains only minimum contacts with the forum state, specific long-arm jurisdiction may be established if the plaintiff's cause of action arises from any of the following activities:

(a) the transaction of any business within Montana;

(b) the commission of any act which results in accrual within Montana of a tort action;

6

(c) the ownership, use or possession of any property, or any interest therein, located within Montana;

(d) contracting to insure any person, property or risk located within Montana at the time of contracting;

(e) entering into a contract for services to be rendered for materials to be furnished in Montana by such person;

(f) acting as director, manager, trustee, or other officer of any corporation organized under the laws of, or having its principal place of business within Montana; or

(g) acting as personal representative of any estate within Montana.

Mont. R. Civ. P. 4(b)(1)(a)–(g). *See also Bi-Lo Foods*, 955 P.2d at 157.

Taking the allegations in Plaintiff's Complaint as true, this Court does not have specific or general personal jurisdiction over Judge Linngren under Montana's long-arm statute. Plaintiff has not alleged any facts whatsoever demonstrating that Judge Linngren has any substantial or continuous and systematic contacts with Montana, as required for her to be found within the state for purposes of general jurisdiction. As identified in the Complaint, Judge Linngren is a South Dakota state court judge with no apparent connection to, or affiliation with, the state of Montana. Because Plaintiff does not allege any facts demonstrating that Judge Linngren maintains any presence at all in Montana, general jurisdiction is lacking.

Plaintiff likewise fails to plead any facts establishing specific jurisdiction over Judge Linngren. Plaintiff does not allege that Judge Linngren has ever (1) transacted business within Montana; (2) committed a tort in Montana; (3) owned, used, or possessed any real or personal property in Montana; (4) contracted to insure any person, property, or risk located in Montana; (5) entered into a contract for services to be rendered or for materials to be furnished in Montana; (6) acted as a director, manager, trustee, or other officer of corporation organized under Montana law or having its principal place of business here; or (7) acted as personal representative of any estate within Montana. Taking the allegations in the Complaint as true, and construing them liberally in Plaintiff's favor, there is no indication that Judge Linngren has engaged in any of the activities set forth in Mont. R. Civ. P. 4(b)(1)(a)-(g) sufficient to confer specific jurisdiction.

Plaintiff argues the Court may have personal jurisdiction over Defendants pursuant to Fed. R. Civ. 4(k)(2), which provides for personal jurisdiction over a defendant for a claim arising under federal law if "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and exercising jurisdiction is consistent with the United States Constitution and laws." Rule 4(k)(2) is inapplicable here, however, because Plaintiff alleges that Judge Linngren is located

within the state of South Dakota, and Judge Linngren does not dispute that she is subject to the personal jurisdiction of South Dakota's courts.

Plaintiff also argues that Judge Linngren has a "pervasive presence" within Montana" because the parental conduct giving rise to the child custody order took place in Montana, and the custody order affects Montana residents, namely Plaintiff, her children, and her ex-husband. But even taking the allegations in the Complaint as true, Plaintiff has not pled facts demonstrating that Judge Linngren's affiliations with Montana are so continuous and systematic as to render her essentially at home here, as required for the Court to have general personal jurisdiction. Nor has she pled facts demonstrating that Judge Linngren's contacts with Montana are sufficient to establish specific jurisdiction. Even assuming the child custody order issued by Judge Linngren impacted Montana residents, as Plaintiff alleges, there is no indication that Judge Linngren engaged in any of the activities listed in Rule 4(b)(1)(a)-(g). While Plaintiff describes the ties that she, her children, and her ex-husband have to Montana, the proper focus of the inquiry is on Judge Lingrenn's contacts with Montana, not the plaintiff's contacts with Montana. See *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("The defendant-focused 'minimum contacts' inquiry [cannot be satisfied] by demonstrating contacts between the plaintiff (or third parties) and the forum State."). Plaintiff has not

alleged facts demonstrating that Judge Linngren has had sufficient minimum contacts with Montana for this Court to exercise specific personal jurisdiction. See e.g. *Pyle v. Hartley,* 239 F.Supp.2d 970, 981 (C.D. Cal. 2002) (concluding the "issuance of an order by a Nevada judge to a party who appeared before the judge is not sufficient to create personal jurisdiction in [California federal district court] over the [Nevada] judge," even if the order had an effect in the forum state).

Because Montana's long arm-statute does not confer personal jurisdiction over Judge Linngren, the Court need not address whether exercising jurisdiction over Judge Linngren would comport with due process. Absent personal jurisdiction, this case is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

In closing, the Court notes that even if Plaintiff were able to establish personal jurisdiction over Judge Linngren, her Complaint is barred by the doctrine of judicial immunity. See *DeClue v. County of Alameda*, 2020 WL 6381356, at *9 (N.D. Cal. Oct. 30, 2020) (recognizing that "a district court may sua sponte dismiss claims against judicial officers that are barred by the doctrine of judicial immunity) (citing *Kinney v. Cantil-Sakauye*, 723 F. App'x 562 (9th Cir. 2018).

The doctrine of judicial immunity provides that judges are absolutely immune from civil liability for judicial acts. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). Judicial immunity applies

to suits for monetary and injunctive relief under 42 U.S.C. § 1983. *Torres v. Voltz*, 2019 WL 3345972, at *5 (N.D. Cal. July 25, 2019). Judges are entitled to immunity "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 425 U.S. 349, 356 (1978) (*quoting Bradley*, 80 U.S. at 351). There are two exceptions to judicial immunity: (1) where a judge is not acting in his "judicial capacity"; or (2) where a judge acts "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. *See also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008).

Although Plaintiff alleges in her Complaint that "Judges, as State appointed judiciaries, do not have judicial immunity when acting outside the scope of their sworn duties, judicial code, and oaths to uphold the U.S. Constitution," (Doc. 1 at ¶ 21), she does not plead any facts reasonably suggesting that Judge Linngren was in any way acting outside her judicial capacity or in the complete absence of all jurisdiction. To the contrary, taking the factual allegations in the Complaint as true, Judge Linngren acted with jurisdiction and in her judicial capacities in presiding over the South Dakota state court child custody proceedings. While courts have also recognized a narrow exception to judicial immunity for prospective

11

declaratory relief sought under § 1983, this exception does not apply where, as here, a plaintiff complains of a judge's previous actions in a state court case. See e.g. *Hill v. Ponner*, 2019 WL 1643235 at *3-4 (E.D. Cal. Apr. 16, 2019). Judge Linngren is thus entitled to judicial immunity.

Ordinarily, a pro se litigant should be given an opportunity to amend the Complaint to overcome a pleading deficiency unless it is clear that no amendment can cure the defect. See *Lucas v. Dept's of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, however, the Court sees no way that Plaintiff could amend her Complaint to cure the deficiencies identified above.

### IV.   <u>Conclusion</u>

Accordingly, and for reasons set forth above,

IT IS RECOMMENDED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 5) be GRANTED and this case be DISMISSED without leave to amend.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or

objection is waived.

DATED this 24th day of February, 2021.

_____
Kathleen L. Desoto
United States Magistrate Judge