IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RACHEL J. EVENS,<br><br>                    Plaintiff,<br><br>vs.<br><br>HEIDI LINNGREN,<br><br>                    Defendant. | CV 20–172–M–DWM<br><br><br><br>ORDER |

Plaintiff Rachel Evens, appearing pro se, is suing South Dakota District Court Judge Heidi Linngren under 42 U.S.C. § 1983, alleging various constitutional violations connected to child custody proceedings over which Linngren presided in South Dakota.  Magistrate Judge Kathleen DeSoto entered Findings and Recommendations on February 24, 2021, recommending that Evens' complaint be dismissed without the opportunity to amend.  (Doc. 12.)  Judge DeSoto concluded that the Court lacked personal jurisdiction over Linngren and, even if the Court did have jurisdiction over this matter, the doctrine of judicial immunity bars Evens' claims against Linngren.  (*Id.*)

Evens timely objected to Judge DeSoto's Findings and Recommendations. (Doc. 13).  Accordingly, she is entitled to *de novo* review of the findings or recommendations to which she objects.  26 U.S.C. § 636(b)(1).  Evens' objections

1

are without merit, and the Court agrees with Judge DeSoto's analysis and conclusions. Because the parties are familiar with the factual and procedural background of this case, it will not be recounted here.

Evens objects to Judge DeSoto's Findings and Recommendations on two grounds: (1) the doctrine of judicial immunity should not apply, and (2) personal jurisdiction "is not absolute" and justice requires that this Court hear the present case. (Doc. 13 at 9.) Because personal jurisdiction is a prerequisite to reaching the question of judicial immunity, it is discussed first.

I.

Evens appears to approach personal jurisdiction from two angles. She first argues that "this case is an exception to the personal jurisdiction rules" so that traditional requirements for personal jurisdiction do not apply. (*Id.* at 5.) But as Judge DeSoto noted, the plaintiff bears the burden of establishing that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Thus, contrary to Evens' first argument, there is no "exception" to personal jurisdiction, and she bears the burden of showing that Linngren may be haled into this Court.

Evens' second argument is that this Court has jurisdiction because Evens and Linngren are citizens of different states, satisfying the diversity of citizenship requirement. But diversity of citizenship goes to the question of subject matter

2

jurisdiction, which "serve[s] institutional interests," rather than personal jurisdiction, which "represents a restriction on judicial power as a matter of individual liberty." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) (internal citation and quotations omitted). Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Id.* at 584 (internal quotations and citation omitted). Thus, while the parties may be diverse, that fact is inapposite to the question of whether the Court has personal jurisdiction over the parties. The answer to that question is no.

As Judge DeSoto recognized, where subject matter jurisdiction is based on federal question jurisdiction, such as it is here, to establish personal jurisdiction Evens must make a prima facie showing that the requirements of Montana's long arm statute are met and that the exercise of jurisdiction will not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Gulick v. Lynden Inc.*, 2016 WL 8674478, at *2 (D. Mont. Oct. 7, 2016). In her objection, Evens does not address Montana's long arm statute, nor does she address any due process concerns related to Linngren. Evens' objections focus exclusively on the citizenship of the parties, and nowhere does she make an argument that Linngren is "found without the State of Montana," *see* Mont. R. Civ. P. 4(b)(1), nor does she make an argument that Linngren participated in any

activities within Montana to give rise to specific long-arm jurisdiction, *see Bi-Lo Foods, Inc. v. Alpine Bank*, 955 P.2d 154, 157 (Mont. 1998). And, as Judge DeSoto noted, to the extent Evens alleges any connection between this case and Montana, that connection is limited to connections between Evens and Montana, while there are no facts to suggest that Linngren has ties to the State. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("The defendant-focused 'minimum contacts' inquiry [cannot be satisfied] by demonstrating contacts between the plaintiff (or third parties) and the forum State."). Thus, this Court lacks personal jurisdiction over Linngren.

## II.

Evens argues that the doctrine of judicial immunity "is not endorsed by the United States Supreme Court" and does not bar her claim. (Doc. 13 at 1.) The Court does not need to reach the issue of judicial immunity because Evens has failed to establish personal jurisdiction. Nonetheless, the doctrine of judicial immunity provides that judges are absolutely immune from suit and the assessment of damages for actions undertaken in their judicial capacity with the appropriate jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991). As Judge DeSoto found, Linngren acted in her judicial capacity and with the requisite jurisdiction while presiding over state court child custody proceedings in South Dakota, and thus she

4

would ultimately be entitled to judicial immunity in the event this Court had jurisdiction over this matter.

Based on the foregoing, IT IS ORDERED that the Findings and Recommendations (Doc. 12) is ADOPTED IN FULL.  Evens' complaint (Doc. 1) is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b).

DATED this _____ day of April, 2021.

Donald W. Molloy, District Judge
United States District Court